Thank you. Michael Kerbs on behalf of the appellant Juanita Smallwood. This is an appeal from an order granting summary judgment in favor of the respondent, the United States, based upon an action filed by the appellant Juanita Smallwood to recover a refund on taxes paid for settlement proceeds that she received on an action filed against the Department of Corrections. We believe that the district court erred in granting summary judgment because the district court exercised a factual determination in weighing the evidence before it and reaching the conclusion that Ms. Smallwood could not substantiate enough of her settlement proceeds to be attributable to her personal injuries. She recovered $995,000? That's correct. Okay. Have you alleged what percentage of that is attributable to physical injuries? It's not specifically alleged in the complaint. It's not specifically identified in the settlement agreement. The case authority, including the Green case, finds that in such a situation where the parties have not allocated the damages and have not attributed damages specifically to physical injury, that the court or the trier of fact is to evaluate the facts of the case, determine what percentage of the settlement proceeds the payor, which in this case was the Department of Corrections... You haven't told her whether it's 60% of it or whether it's all of it or whether it's 30%? Well, in filing the complaint, the appellant claimed that it was all attributable to physical injuries. Okay, so you do have an allegation? Of 100%, yes. The district court actually did find that there was a distributable issue of facts on the physical injuries suffered by the appellant and did find that for that reason the IRS was not entitled to summary judgment. But the district court, we believe, erred in going beyond that and making a separate determination that the appellant could not sustain her burden of proving that she was entitled to a refund. Can you, before you move beyond, is there a definition of what constitutes physical injury for purposes of the tax laws? There is. It's under Section 104, and there's a distinction. If you're claiming physical injuries that are attributable from emotional distress, there's a distinction between symptoms from the emotional distress and actual injury. But that doesn't define physical injury. What is a physical injury? For example, if I have depression, severe depression as a result of all of this, is that a physical injury or is that emotional distress? It could be a physical injury if it also is associated with actual physical conditions. The Parkinson case was somebody that was claiming emotional distress had resulted in a heart attack. In this case, the appellant is claiming that in addition to just garden variety emotional distress, she was hospitalized for excessive bleeding. She had autoimmune disease that she attributes to this injury. Her injuries go beyond what you would associate with symptoms of emotional distress such as sleeplessness, depression, the type of illness that do not necessarily include physical attributes. And that's the distinction that's drawn by Section 104. It's not enough just to have emotional distress if you want to exclude what you received from your income. You also have to have physical injuries. And there was evidence before the district court and the district court specifically found that there was a disputed issue of material facts on the scope of her physical injuries. She paid $157,000 in taxes? Approximately, yes. Have you calculated what the break-even point is? What percentage of her total recovery would have to be attributable to her physical injuries to make her liable for anything more than $157,000? That should be a simple calculation. Do you have a break-even point? Yes, it's something less than the $504,000 plus that she reported as income. She reported all of the money that she received after the payment of attorney's fees and costs. That number was approximately $505,000. If any of that, of the $995,000, was attributable to physical injury, then she's entitled to a refund. Now, the IRS in its brief says that because of implications of the alternative minimum tax provisions that the actual number should be about 44%. We contend any amount that is attributable, which exceeds $490,000, would entitle her to a refund. What about deductions? Would she be entitled to any deductions for the payment of litigation expenses and attorney's fees? She would be to the extent that any portion of the settlement proceeds is attributable to something other than physical injury. To the extent that it is taxed or taxable, she's also entitled to an offset for the fees that were incurred in recovering those items of damage. But we don't know any of those figures at this time. We don't, and that's our position, is this was a factual dispute that should not have been resolved on a summary judgment motion. The district court made a calculation that misunderstood what was excludable and what not, and the deductibility. So the district court's calculation of impossibility of recovering enough, I think 97% of what was, so that was, I think, the government. The government's defending that anymore, so you're saying it needs to go back to the district court with a proper understanding of allocation and make factual determinations, and that there is a reasonable possibility that she could have a net overpayment. That's our position, yes, and I believe that the IRS has conceded the fact that the district court's determination of the percentage that was required to recover a tax refund was in error. Yes, I thought they had, but I didn't want to be presumptuous. Unless there are any further questions, I'll reserve the remainder of my time for rebuttal. Thank you, Mr. Kerr. Thank you. Ms. Erickson. May it please the Court, Marion Erickson for the United States. Your Honors, our position is actually that this case was properly disposed of by summary judgment because the only issue here was a legal issue, and the government's position in 104A2 cases has consistently been that in order to recover, excuse me, in order to exclude any portion of a recovery paid under these circumstances, you must prove that it stemmed from physical injury or physical illness under this version of the statute, which applies. And what's your source for defining physical injury? Well, the statute, as revised, in 1996 it was revised to insert this word physical. Before that, we would not have had this issue. I understand. What's the definition of physical injury? Well, it says in the language of the statute that it must be on account of personal physical injury or physical sickness, and it also says that for purposes of this paragraph, emotional distress shall not be treated as a physical injury or physical sickness. Those are labels, so it's a conclusion. So is there anywhere a definition? Do you look to state tort law as to what constitutes a physical injury? What is a physical injury? I gave the example of depression, and counsel seemed to say that would be emotional, but then there's this distinction about manifest symptoms and the like. But there is no tax code or definition of physical as opposed to emotional. There's nothing that is directly in the code that makes a definition. That's correct, Your Honor. However, I would like to point out that in her complaint against the California Department of Corrections, this is the amended complaint that's an issue here. She said that the foregoing things that occurred, the harassment and so on, caused me severe stress, comma, which caused the physical injuries and sickness. So in other words, everything that she suffered, and we're by no means trying to downplay the severity of her suffering. I don't want to be on record here as saying that it wasn't significant. It all stemmed from the emotional distress, and the government's position is that emotional distress can manifest itself in physical things. An ulcer would be a physical injury, surely. Exactly. If Ms. Smallwood had alleged, for example, that she was physically injured by someone, if someone had hit her or, I don't know, any other sort of... But you just read us the phrase. Didn't they say stress causing physical injury and sickness? Yes. So our point is that a physical manifestation of emotional distress does not count as physical injury for purposes of the statute. Physical injury resulting from emotional distress does not count. Physical manifestation of emotional distress does not count. Okay, so a heart attack wouldn't be a physical injury if it was brought about by emotional distress. Correct. That is our position. That's a position we've taken consistently, and if you look at the... That doesn't make it right. No, I mean, I'm not here to argue with you that this is fair. I'm trying to say that this is what we believe the law is intended to do, the way that Congress has structured the law. Have we ever ratified that reading? This court has never ruled directly on that. Then how can the district court decide this on summary judgment without reaching that issue? Well, with all due respect, I don't agree with the way the district court resolved this case. It found a triable issue, didn't it? It did, and I don't think it had to do that. I think it should have ruled for us on our first argument, which we made to the district court, which was that none of this was excludable because it all came out of emotional distress. Ed, for example, there was an allegation somewhere about uterine bleeding. Yes, sir. Okay, and so you're saying that that's not a physical injury? I'm saying it's a physical manifestation of emotional distress. She's the one who said right up front that it all came from stress. You guys are really hard-nosed, aren't you? It's surprising coming from the IRS. You don't have that kind of reputation. I will take that as a joke and acknowledge that we do not have the best and most favorable reputation of warm and fuzziness. Let's assume that the IRS's position is clear. That proposition hasn't been tested here because the district court decided this on different grounds. So if Ms. Smallwood wanted to test the correctness of your proposition, which you told me has never been tested here, she's been denied that opportunity here. She was able to argue against it. She, in fact, did argue against that in the district court. But that's not the basis on which the district court decided the case. I believe you can affirm on any grounds, Your Honor. But that would require us, without any briefing, to decide what seems to me to be anything but an obvious conclusion. The Eighth Circuit has made this very decision in the Lindsay case, which we cited in our brief. They've held in a case where someone had suffered pretty severe physical symptoms that because they all stem from emotional distress and this person had not suffered any direct physical harm, that that was not excludable, that none of those proceeds were excludable from income under 104A2. So, I mean, I don't think that there's no precedent here. I think there is precedent. This court has never reached this particular issue. Although, Judge Bybee, I know you were involved in several cases, the Enright case and the Rivera case, in which this court looked at a similar issue under 104A2 and held that because the settlement agreement did not allocate any amount to physical injury that, therefore, none of it was excludable. I think that's also an important precedent for this court to consider. As far as the appellant's allegation that 100% that they believe 100% of this was attributable to physical injury, I respectfully disagree with that. I don't believe that was their allegation below. If you look at the complaint, first of all, 107 paragraphs out of 109 talked about the stress and the harassment. There was only a minor mention of the physical manifestation and the emotional distress. And in addition, when she filed her settlement conference brief before the court in the case against California Department of Corrections, she listed her damages as A, lost earnings in retirement, B, emotional distress, and C, attorney's fees. Those are the only things that she listed on there. So I don't believe she has at least not consistently claimed that 100% of this was allocable to physical injury. I would also like to mention that we do believe that if you reach the second argument under which the district court analyzed this case, that the court, even though its calculations were slightly wrong because it made an assumption that the amount of money retained by her attorney would not be taxable under any circumstances, that the analysis that the court used should still allow us to win on summary judgment because the court, even though it did make arguably some factual findings, it said that, well, under this Parkinson case, which is the tax court member of the opinion, by the way, in which we disagree with, under this case, even if you assume that this governs, the taxpayer in Parkinson received 50% allocation to physical injury where he had suffered a heart attack resulting from emotional distress. And the court said, well, here this case is far less compelling than in Parkinson and that there would be far less allocable than was in Parkinson. So according to our calculations, it would have to be 44%, which I don't think is far less than 50%. But you're just asking us to guess or speculate as to what that amount would be. Well, I'm really asking you to ignore that whole argument and to look at our first argument, which we think is the argument that should prevail, which is that none of this was excludable. Well, let's suppose that we thought that the record demonstrated that any physical injuries Ms. Smallwood suffered were the result of emotional stress. Now, since we have not had briefing on the question before the Eighth Circuit, is this case then sufficiently ripe for us to decide this at this point without sending this back to the district court? And what should we do? Should we request additional briefing from the parties on the Lindsay question? I'm not sure why... I mean, we did brief this issue. I briefed this issue. I'm not sure why... because the taxpayer didn't address this particular... I mean, she did address this argument in her brief. She said, I believe, as I recall, she said that even though these damages stem from emotional distress, that because the physical injury... I think she was relying on Parkinson, which made some kind of argument that at a certain level, like nausea and sleeplessness are not serious enough physical manifestations, but once you get to a heart attack, that's serious. That's more than just a... It said a symptom, which it said was a subjective thing. It looked at a dictionary that defined symptom as something subjective that a person experiences, but it's not an objective medical condition. I don't see that distinction made anywhere in the law. I think that's something the tax court just came up with in the Parkinson case. And that's what they were relying on when they said that what she suffered here was more than just subjective symptoms of stress. These were serious medical conditions, and we're not disagreeing with that. We're just saying that that doesn't make any difference in this context. Does that answer your question, Your Honor? Yeah, thank you. Okay. Unless the court has further questions, I don't have anything else. Okay, thank you very much. Thank you. Mr. Kerbs, you have some time remaining. I think, Your Honor, I don't really have any additional arguments to make unless the justices have any additional questions. Have you fully briefed this question? No, because it was not the basis of the district court's decision. So if we thought that something turned on that, should we request briefing at this point, or do we send it back to the district court? Well, our preference would be that it be sent back to the district court. But if the court would like briefing on this issue, we're more than happy to do so. How do you get around Lindsay? Or do you just think Lindsay was wrongly decided? We think it was under the definition of physical injury under Section 104, and the section specifically draws a distinction between mere emotional distress, and it specifically says that physical injury that stems from emotional distress is excludable from income. So the section itself, we believe, is controlling in the way that it's worded. We believe that the Lindsay case is actually incorrect in interpreting Section 104. I'm looking at Lindsay, and they're saying Lindsay suffered from hypertension, stress-related symptoms, periodic impotency, insomnia, fatigue, occasional indigestion, and urinary incontinence. A heart attack, as in Parkinson's, would seem to be an extreme example of reaction to stress. So anyway. Okay. I would agree. In the Lindsay case, those are symptoms of emotional distress. In this case, we have an individual that was diagnosed with a heart attack. She was hospitalized for uterine bleeding for an autoimmune disease and was subsequently placed upon disability based upon her injuries, unable to continue to work. So in our view, it's significantly more serious and more physical than the injuries claimed in Lindsay. So you would say it's distinguishable on its facts then from Parkinson? From Lindsay. This case is. Right, but I meant Lindsay's distinguishable from Parkinson on its facts is what you're saying. Correct. Okay. Anything further, counsel? No, Your Honor. Okay. Thank you very much. We thank both counsel for the argument. Smallwood v. United States.
judges: Foote, Fisher, Bybee